**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DARIN NEMEROW, | DOCKET NUMBER |
| Appellant, | CH-0752-18-0202-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: April 2, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence A. Berger, Esquire, Glen Cove, New York, for the appellant.

Katherine Stewart and Meredith Ann McHugh, Washington, D.C., for the
agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision that
sustained his removal from the agency for various acts of misconduct. Generally,
we grant petitions such as this one only in the following circumstances: the
initial decision contains erroneous findings of material fact; the initial decision is
based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant worked for the agency's Bureau of Alcohol, Tobacco, Firearms and Explosives as a GS-14 Supervisory Criminal Investigator. Initial Appeal File (IAF), Tab 7 at 28. Effective January 10, 2018, the agency removed the appellant under chapter 75 of title 5 of the United States Code based on the charges of sexual misconduct, willful misuse of a government-owned vehicle (GOV), and lack of candor. *Id.* at 28-39.

The appellant appealed his removal to the Board and withdrew his hearing request. IAF, Tab 1, Tab 28 at 3. In his appeal, the appellant conceded that he engaged in the charged sexual misconduct and willful misuse of a GOV, but argued that he did not lack candor and that his removal penalty was too severe. IAF, Tab 29 at 4-5, Tab 39 at 5-18. The administrative judge issued an initial decision based on the written record, sustaining the two specifications included in the sexual misconduct charge and the single specification of the willful misuse of a GOV charge. IAF, Tab 41, Initial Decision (ID) at 6-8. The administrative judge found that the agency proved one of the two specifications of the lack of

candor charge, but still sustained the overall charge.[2]    ID at 8-11. The administrative judge also found a nexus between the sustained charges and the efficiency of the service and that the appellant's removal penalty was reasonable.  ID at 11-16.  The appellant's petition for review followed.  Petition for Review (PFR) File, Tab 1.  The agency responded in opposition and the appellant filed a reply to the agency's response.  PFR File, Tabs 3, 5.

In an appeal before the Board of a removal taken under chapter 75, an agency bears the burden to prove by preponderant evidence the charged misconduct, a sufficient nexus between the charge and the efficiency of the service, and that the imposed penalty is reasonable under the circumstances.  *See* 5 U.S.C. §§ 7513(a), 7701(c)(1)(B); *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 11 (2010) (quoting *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997)).  Upon review, we find that the administrative judge correctly held that the agency met its burden in proving each of these requisites.  We discern no reason to disturb the initial decision, as the administrative judge considered the parties' arguments, applied the appropriate legal standards, and drew proper conclusions that are supported by the evidence of record.  ID at 1-16.

On review, the appellant argues that the administrative judge erred when holding that the agency proved the lack of candor charge.  PFR File, Tab 1 at 5-12, Tab 5 at 4-5.  In the single upheld specification under this charge, the agency alleged that the appellant provided less than candid information regarding his misuse of a GOV when during a sworn interview with agency investigators, he denied driving a GOV to a bar while off-duty in March 2017.  IAF, Tab 9 at 42, 44.  In order to prove lack of candor, an agency must show:  (1) the employee gave incorrect or incomplete information, and (2) did so knowingly.  *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016); *see Parkinson v.*

---

[2] Specification 1 of the lack of candor charge was not sustained.  ID at 9-11.  Neither party disputes this finding on review.  Petition for Review (PFR) File, Tabs 1, 3, 5.

*Department of Justice*, 815 F.3d 757, 766 (Fed. Cir. 2016) (holding that lack of candor requires that information is conveyed "knowing" that such information is incomplete or incorrect), *aff'd in part and rev'd in part by* 874 F.3d 710, 712 (Fed. Cir. 2017) (en banc).

The appellant claims that he did not knowingly provide incorrect information to the agency during his sworn interview; rather, he states that the questions asked to him were unclear and that he was answering them in good faith. PFR File, Tab 1 at 5-12, Tab 5 at 4-5. A review of the interview transcript establishes that the agency's investigators asked the appellant unambiguous questions about the incident. IAF, Tab 12 at 25-27. Through his responses, the appellant demonstrated an understanding of the topic that he was being questioned about, as he provided details, including confirming that the evening in question started at another establishment, the location of the second bar that he went to, and the identity of the agency employee who accompanied him. *Id*. at 25-26. The appellant told agency investigators twice during this interview that he did not drive a GOV to the second bar. *Id*. at 27. Specifically, the agency's investigator asked the appellant, "[d]id you drive your GOV to that bar?" *Id*. The appellant responded, "[n]o." *Id*. In a follow-up to a related question, the appellant stated, "I, I did not drive my GOV." *Id*. Later in the same day, the appellant then admitted to the agency's investigators that he did in fact drive a GOV to two bars while off-duty, contradicting his earlier responses. *Id*. at 75-76. The appellant was asked, "[d]id you or did you not drive your GOV? Please." *Id*. at 75. The appellant responded with, "I believe I did, yes. Yeah." *Id*. The agency's investigator followed-up by asking the appellant, ". . . you were in your GOV when you left Cowboy Jack's[?]" *Id*. at 76. The appellant stated in reply, "[y]es." *Id*.

The contradiction between the appellant's initial responses to the agency's investigators denying his misuse of a GOV, and his admission of such misuse later in the same day, indicate that he must have known that he was providing

inaccurate information at the onset. Furthermore, the interview with agency investigators occurred approximately 3 months after the incident. *Id*. at 15, 25. It is highly unlikely that the appellant was confused about the incident that he was being questioned about or that he had forgotten that he drove a GOV given the fact that he outlined other details about the evening. The appellant also stated that he routinely drove his personal vehicle to off-duty events, which should have made the occasion in which he drove a GOV to one even more memorable. IAF, Tab 12 at 77, Tab 39 at 19. The appellant admitted that he knew that he misused a GOV when he drove it to a bar and consumed alcohol, further evidencing an understanding of why agency investigators sought information from him on the matter. IAF, Tab 12 at 80-81. The evidence supports the administrative judge's finding that the agency proved by preponderant evidence that the appellant lacked candor as alleged in the upheld specification.[3] *See Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 17 (2000) (finding that the agency proved that the appellant lacked candor because he did not respond fully and truthfully in a statement made to agency investigators), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002).

In his petition for review, the appellant also claims that his removal was not a reasonable penalty under the circumstances. PFR File, Tab 1 at 12-17, Tab 5 at 5-6. The Board will review an agency-imposed penalty only to determine if the agency considered the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). When all of the agency's charges are sustained, but some of the underlying specifications are not sustained,

---

[3] The administrative judge found that the agency only proved one of the two lack of candor specifications. ID at 8-11. When more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). Here, as the administrative judge found, the record is sufficiently developed to determine that the agency proved the overall charge. ID at 8.

the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Parker v. U.S. Postal Service*, 111 M.S.P.R. 510, ¶ 8, *aff'd*, 355 F. App'x 410 (Fed. Cir. 2009). This is because the agency has primary discretion in maintaining employee discipline and efficiency. *Thomas v. U.S. Postal Service*, 96 M.S.P.R. 179, ¶ 4 (2004). The Board will not displace management's responsibility in this respect, but will instead ensure that managerial judgment has been properly exercised. *Id.*

Here, the administrative judge appropriately found that the deciding official took into account the relevant *Douglas* factors, including those of a mitigating nature, when concluding that the appellant's removal was a reasonable penalty. ID at 12-16. In particular, the appellant's 14 years of service with the agency with no prior disciplinary history, his accomplished work performance, and multiple positive character references weighed in his favor. IAF, Tab 7 at 36; ID at 14. However, among the stronger aggravating factors were the serious nature of the proven misconduct, the direct relationship between the proven misconduct and the appellant's job responsibilities, the appellant's slim rehabilitative potential, and the negative impact the appellant's proven misconduct had on the agency's working relationship with another law enforcement agency. IAF, Tab 7 at 36-37; ID at 13-16. In addition, removal was in line with the agency's table of penalties for the committed offenses. IAF, Tab 12 at 115, 120, 124. As determined by the administrative judge, the deciding official properly exercised his judgment when reaching the removal decision. ID at 16;[4] *see Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 7 (2010).

The penalty of removal given the gravity of the proven misconduct committed by the appellant, who was a law enforcement officer in a supervisory

---

[4] The administrative judge referenced the position of the deciding official that the appellant's proven sexual misconduct was sufficient alone to justify removal. IAF, Tab 7 at 37; ID at 14.

position, does not exceed the maximum limits of reasonableness. This holding aligns with Board precedent, which has found removal as a reasonable penalty for unauthorized use of a GOV. *Garcia v. Department of the Air Force*, 34 M.S.P.R. 539, 541-42 (1987). Relatedly, removal has been deemed reasonable where an employee engaged in lack of candor and inappropriate conduct. *Kamahele v. Department of Homeland Security*, 108 M.S.P.R. 666, ¶¶ 2, 15 (2008). Similarly, the Board has concluded that removal was proper in view of, inter alia, an employee's supervisory position and the seriousness of proven sexual misconduct. *Cisneros v. Department of Defense*, 83 M.S.P.R. 390, ¶¶ 19-20 (1999), *aff'd*, 243 F.3d 562 (Fed. Cir. 2000) (Table).

In closing, the appellant's arguments on review mirror those that he set forth before the administrative judge. IAF, Tab 39 at 5-18; PFR File, Tab 1 at 5-17, Tab 5 at 4-6. As outlined above, the administrative judge detailed these arguments and considered each when reaching the appropriate conclusions of the initial decision. ID at 11-16. We have long held that mere reargument of the same issues heard and correctly decided by the administrative judge, with nothing more, does not constitute a basis to grant a petition for review. *See Hsieh v. Defense Nuclear Agency*, 51 M.S.P.R. 521, 524-25 (1991), *aff'd*, 979 F.2d 217 (Fed. Cir. 1992) (Table).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.